UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MELVIN CHAILLAND, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:05CV147 HEA |
|  | ) |  |
| HARTFORD LIFE INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss, [Doc. No. 7]. Plaintiff has not responded to the motion within the prescribed time period.[1] For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff's Complaint seeks recovery of past and future disability benefits under a group long term disability policy issued by defendant through plaintiff's former employer, Petroleum Helicopters, Inc. Plaintiff claims that defendant breached its contractual duty under the policy. Plaintiff alleges that he became totally disabled in April, 2001 due to pemphigus vulgaris. Plaintiff made a claim for

---

[1] Pursuant to the Court's Local Rules, failure to respond to a motion may be construed as a concession of the merits of the motion.

benefits under the group policy on August 12, 2001, and began receiving benefits retroactively to July 17, 2001. Defendant subsequently terminated plaintiff benefits on March 2004. Plaintiff further alleges that he "made numerous demands for reinstatement of his benefits under the Plan, however said demands have gone unanswered." Plaintiff alleges that he is entitled to receive benefits and that defendant's refusal to pay in accordance with the terms of the policy was vexatious, and that he is entitled to recovery under Sections 375.296 and 375.420 of the Missouri Revised Statutes. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be

drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

## Discussion

Defendant argues that plaintiff's claims are preempted by ERISA. Defendant further asserts that plaintiff's Complaint asserts no ERISA-based claim.

## Preemption

Under ERISA, an "employee benefit plan," is defined as a "plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability or death ..." 29 U.S.C. § 1002(1)(A).

Plaintiff's Complaint alleges a claim based on breach of contract which challenges defendant's denial of benefits under Petroleum Helicopter Inc.'s policy. Plaintiff's claims arise from his status as an insured under the policy, and his allegations that he is entitled to payment arise under the long term disability policy. Even if the Court were to assume that the Complaint states a claim upon which relief can be granted under Missouri law, the Court concludes that this state law claim is preempted by ERISA.

In *Daley v. Marriott Intern., Inc.,* 415 F.3d 889, 894 (8th Cir.2005), the Eighth Circuit Court of Appeals reiterated the policy reasons supporting preemption in the regulation of employee welfare plans, stating:
"ERISA comprehensively regulates employee pension and welfare plans." *Baxter v. Lynn,* 886 F.2d 182, 184 (8th Cir.1989). "To meet the goals of a comprehensive and pervasive Federal interest and the interests of uniformity with respect to interstate plans, Congress included an express preemption clause in ERISA for the displacement of State action in the field of private employee benefit programs." *Wilson v. Zoellner,* 114 F.3d 713, 715-16 (8th Cir.1997) (internal quotations omitted). Accordingly, ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a).

The Eighth Circuit recently explained the necessary relationship between state claims and an employee benefit plan to trigger ERISA's preemption provisions:

> [S]tate law claims are preempted if the claims "relate to" an employee benefit plan, 29 U.S.C. § 1144(a), such that they "[1] ha[ve] a connection with or [2] reference to such a plan." *Howard v. Coventry Health Care, of Iowa, Inc.,* 293 F.3d 442, 446 (8th Cir.2002) (*quoting California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,* 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997)). We have also stated a claim relates to an ERISA plan when it "premises a cause of action on the existence of an ERISA plan." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr.,* 154 F.3d 812, 822 (8th Cir.1998).

*Estes v. Federal Express Corp.,* 417 F.3d 870, 872 (8th Cir.2005). The state law claims raised in the Complaint are premised on the existence of an ERISA disability benefits plan, of which the disability policy is a part, and because those claims would not survive absent the policy provided through his employer, plaintiff's state law claim is preempted by ERISA.

Having determined that plaintiff's claim is preempted by ERISA, the Court must next ascertain whether the Complaint states a cause of action under ERISA.

**Exhaustion**

Defendants argue that the Complaint must be dismissed without leave to amend because plaintiff failed to exhaust his administrative remedies. Under ERISA, every employee benefit plan must provide claimants a reasonable

opportunity to appeal an adverse benefit determination. 29 U.S.C. § 1133(2). The term "adverse benefit determination" includes a denial of benefits. C.F.R. § 2560.503-1(m)(4).

The Complaint alleges that despite repeated demands, his benefits were not reinstated. This allegation clearly fails to set forth any allegations that plaintiff's administrative remedies were exhausted. However, because plaintiff was seeking only state law relief, the Court cannot, under the standard of review for Rule 12(b)(6) motions, assume that plaintiff did not exhaust his administrative remedies under ERISA.

## **Conclusion**

As discussed above, Plaintiff's state law claims are preempted under the provisions of ERISA. Plaintiff, however, should be allowed to amend his Complaint to include allegations of exhaustion if any.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 7] is granted.

**IT IS FURTHER ORDERED** that plaintiff is given 14 days from the date of this order to file an amended Complaint as provided herein.

Dated this 14th day of November, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE